UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OWENS JAMES,               )
                                   )
           Petitioner,             )   Case No. 1:92-cv-372
                                   )
v.                                 )   Honorable Robert Holmes Bell
                                   )
RICHARD E. JOHNSON,                )
                                   )
           Respondent.             )
_____)

**OPINION**

This was a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1] Petitioner's action was dismissed by the Court with prejudice on April 25, 1992. The Sixth Circuit subsequently denied Petitioner a certificate of appealability. Since that time, the Sixth Circuit has twice denied Petitioner's requests for authorization to file a "second or successive" habeas corpus petition pursuant to 28 U.S.C. § 2244(b). *See In re Michael James*, No. 00-1309 (6th Cir. June 19, 2000); *In re Michael James*, No. 00-1904 (6th Cir. Feb. 1, 2001). On April 3, 2006, Petitioner moved for leave to file an amended habeas corpus petition in order to add three claims that were not presented in his original 1992 petition. The Court issued an order denying Petitioner's motion because he had not moved for relief from the order dismissing his petition. *See Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) (once a final judgment is entered "a party may not seek to amend their complaint without first moving to alter, set aside, or vacate judgment pursuant to either Rule 59(e) or Rule 60 of the Federal

---

[1] This case originally was assigned to Judge Benjamin F. Gibson, who has since retired from this Court. Pursuant to Administrative Order 02-054, post-judgment matters filed in cases formerly assigned to Judge Gibson are automatically referred to the Chief Judge for review and action.

Rules of Civil Procedure . . . ." ); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617-18 (6th Cir. 2002) (noting that the district court would have to vacate its dismissal order if it were to grant the plaintiff's motion to amend the complaint).

This matter now is before the Court upon Petitioner's motion for change of venue to the Eastern District of Michigan (docket #70), motion for reconsideration of the Court's order denying him leave to file an amended petition (docket #74), motion for relief from the judgment denying his habeas corpus petition (docket #75) and motion to correct clerical mistake (docket #77).

I.      **Motion for Change of Venue**

Petitioner moves for a change of venue to the Eastern District of Michigan pursuant to FED. R. CIV. P. § 1404(a). Section 1404(a) gives a district court discretion to transfer any civil action to another district or division where it may have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." Under § 1404(a), a district court has broad discretion to grant or deny a motion to transfer a case. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Petitioner, who was convicted in the Wayne County Circuit Court, claims that a transfer to the Eastern District "would significantly reduce the cost of litigation for the parties, witnesses, and the court, be of great convenience to the witnesses, and thus would considerable advance the interests of justice." (Mot. for Change of Venue, 1, docket #70.) This Court disagrees. Petitioner's action was dismissed by this Court more than eight years ago. Because the Court is denying Petitioner's motion for reconsideration of its decision denying Petitioner's motion to amend his petition and is transferring his motion for relief from judgment to the Sixth Circuit as a second or successive petition, there would be no benefit whatsoever in transferring this case to the Eastern District. Accordingly, Petitioner's motion for change of venue to the Eastern District of Michigan will be denied.

## II. **Motion to Correct Clerical Mistake**

In his motion to correct clerical mistake, Petitioner claims that the he did not receive the Court's May 5, 2006 order denying his motion to amend the petition until May 19, 2006. As a result of the delay, Petitioner was unable to timely file a motion to alter or amend judgment or order pursuant to FED. R. CIV. P. 59(e). Petitioner asks the Court to re-date its order for May 17, the date that the envelope from the Court was post-marked. Petitioner's motion will be denied. The Clerk of the Court first mailed the order to Petitioner on May 5, 2006, to the address on file. On May 15, 2006, the order was returned to the Court stamped "RETURN TO SENDER" and "NOT FORWARDABLE; PRISONER TRANSFERRED." After checking the Offender Tracking and Information System, the Court updated Petitioner's address to the E.C. Brooks Correctional Facility and re-mailed the order on May 17, 2006. Under the local rules of this Court, Petitioner is required to keep this Court appraised of his current mailing address. *See* W.D. Mich. LCivR 41 ("Failure of a plaintiff to keep the Court appraised of a current address shall be grounds for dismissal for want of prosecution.") Any error that occurred in the transmission of the Court's May 5 order is attributable to Petitioner, not the Court. Accordingly, Petitioner's motion will be denied.

## III. **Motion for Reconsideration**

Petitioner seeks reconsideration of the Court's order denying his motion to file an amended petition. He files his motion pursuant to FED. R. CIV. P. 59(e), but because it was filed more than ten days after the Court's order, the Court will construe it as a motion brought pursuant to FED. R. CIV. P. 60(b). A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Petitioner does not assert that he is entitled to relief from the Court's order for any of the reasons set forth in Rule 60(b); rather, he claims that the matter should be decided by the Eastern District after the case is transferred to that court. As set forth above, this Court will deny Petitioner's motion to transfer venue to the Eastern District of Michigan. Because Plaintiff has failed to assert any proper basis for relief from the Court's order denying his motion to amend, his motion for relief from that order will be denied.

IV. **Motion for Relief from Judgment**

Plaintiff also brings a motion for relief from the Court's previous judgment denying his habeas corpus relief. As a threshold matter, the Court must determine whether Petitioner's motion for relief from judgment is properly brought pursuant to Rule 60(b), or whether it should be considered a second or successive petition for a writ of habeas corpus. In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the Supreme Court addressed whether the restrictions under the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) pertaining to second or successive habeas corpus petitions barred a petitioner's Rule 60(b) motion. A Rule 60(b) motion is a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Gonzalez,* 125 S.Ct. at 2647-48. A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction," and "[a] motion can . . . be said to bring a 'claim' if it attacks the federal court's previous

resolution of a claim *on the merits.*" *Id.* "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," and a motion does not attack a determination on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 2648 n.4.

In his motion for relief from judgment, Petitioner offers new evidence in support of his grounds for habeas corpus relief. Petitioner claims that "[t]he evidence now presented in support of those claims proves that he was innocent of the crime and this evidence is so persuasive, that if the jury had had knowledge of it James would not have been convicted." Petitioner seeks an evidentiary hearing concerning his claims. Petitioner's Rule 60(b) motion seeks to advance, through an evidentiary hearing, claims that the district court previously considered and dismissed on substantive, constitutional grounds: i.e., on the merits. The motion is therefore a second or successive habeas petition. While Petitioner's motion does not attack the district court's substantive analysis of those claims, but purports to raise newly discovered evidence, his claim of newly discovered evidence will inevitably lead to a merits-based attack on the prior dismissal of his habeas petition. *See id.* at 2647-48; *Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005). *Gonzalez* explicitly states that a Rule 60(b) motion is in effect a successor petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied," *id.* at 2647 (internal citation omitted). Accordingly, Petitioner's Rule 60(b) motion is properly construed as a second or successive § 2254 petition. As a second or successive petition, this Court lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## Conclusion

In light of the foregoing, the Court will deny Petitioner's motion for change of venue to the Eastern District of Michigan (docket #70), motion for reconsideration of the Court's order denying

him leave to file an amended petition (docket #74) and motion to correct clerical mistake (docket #77). Because his motion for relief from the judgment denying his habeas corpus petition (docket #75) is a second or successive petition, it will be transferred to the Sixth Circuit.

  An Order consistent with this Opinion will be entered.


Date:   August 10, 2006    /s/ Robert Holmes Bell
                    ROBERT HOLMES BELL
                    CHIEF UNITED STATES DISTRICT JUDGE